THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 08 2023

JEFFREY P. COLWELL
CLERK

Civil Action No.

Plaintiff, Clarence Lee Brown, Pro-Se defendant.

v.

Defendant. Arapahoe Facility and the Facilitator's deputies.

---

Complaint motion of, the use of "EXCESSIVE FORCE".

---

I. Clarence Lee Brown, Pro-Se defendant comes before the Attorney General on the grounds of this complaint about the "due process" rights of Mr Browns, keep being violated - because the Facilitator's of the deputies sheriff are retaliation by not letting Mr Brown report this excessive force to the police because the Facilitator's are protecting their sheriff behind the "Blue wall".

I Clorence Lee Brown, of sound mind comes before the Attorney General on this matter of Arapahoe Facility and it deputies sheriff's are concealing wrongdoing of a crime of the use of excessive Force that clearly violates Mr Browns. due process rights and the constitutional rights. The victim Mr Brown been telling Arapahoe he would like to report a crime of "assault" under the Colorado Revise Statute §18-8-803 The use of excessive Force by multiple deputies sheriff and related offense and the provisions of part (2) of said article 3) concerning assault's.(2) As used in this section "excessive Force" means physical Force which exceeds the degree of physical Force permitted to pursuant to Section §18-1-707. The use of excessive Force shall be presumed when a peace officer continues to apply physical Force in excess of the Force permitted by §18-1-707 to the victim Mr Clarence Lee Brown.

(1)

who has been rendered incapable of resisting. Because multiple deputies sheriffs held the victim Mr Brown, down while one of the sheriffs, struck Clarence Lee Brown, multiple time on the left side of his face and ear any body can see the strikes clearly on the pod video of this incident. When Mr Brown was clearly incapable of resisting was held multipule sheriffs. Also under the Colorado Revise Statutes §18-8-802. A Duty to report the use of force by a peace officers and the duty to intervene. At no time did one of the sheriff's who held Mr Brown, down told the sheriff who clearly was use of "excessive force" on the bodycam §24-31-902 and the pod video also. Under (1.5)(a) A peace officer shall intervene to prevent or stop another peace officer from using physical force that the deputies knowingly or willfully that they-

(2)

knowingly knows it exceeds the degree of force permitted, if any, by of this section §18-1-707 in pursuance of the other peace officer's law enforcement duties in carrying out an arrest of any person, placing any person, under detention, taking any person into custody, booking any person, or in the process of crowd control or riot control, without regard for chain of command. (b)(I)(II)(9). Under the Colorado Criminal laws and rules states §16-2.5.-129 the Attorney General criminal investigator whose authority shall include the enforcement of all laws of the State of Colorado and who shall be certified by the P.O.S.T. board. An also the C.R.S of §16-2.5-130 P.O.S.T. Director and P.O.S.T. board investigator, shall include the enforcement of laws and the rules pertaining to the training

(3)

and certification of the peace officer's and shall include the enforcement of all laws of the state of Colorado and who certified by the P.O.S.T. board.

The Constitutional law- states Individual Liberties 310.6 Procedural due process versus substantive review. When the court reviews a law to determine its procedural fairness, it reviews the system of decision-making to determine wether or not a government entity has taken an individual's life, liberty, or property without the fair procedure or "due process" required by the Fifth and Fourteenth amendment.[1] This type of review is easily justified assessment of a decision-making process that has determined that a specific individual should-

(4)

suffer some burden. It may involve the review of the general fairness of a procedure authorized by legislation or merely the review of the fairness of a decision in an individual case. In either instance, little theoretical complaint exists about a court's active role in reviewing the fairness of a governmental decision-making process as the judiciary seems uniquely suited for such a task.

"No person shall be . . . deprived of Life, Liberty, or property, without due process of law . . . ." U.S. Const. amend. 5.

"Nor shall any state deprive any person of Life, Liberty, or property, without due process of law . . . ." U.S. Const. amend 14, §1.

by law under the substantive due process of the case law

The contract clause of the constitution prohibits the states from enacting any law that will impair "the Obligation of Contracts"[1] This prohibition, in general, prevents the states from passing any legislation that would alleviate the commitments of one party to a contract or make enforcement of the contract unreasonably difficult.[2] The primary intent behind the drafting of the clause was to prohibit states from adopting laws that would interfere with the contractual arrangements between private citizens[3] Specifically, the drafters intended to inhibit the ability of state legislatures to enact debtor relief laws.[4] Those who attended the Constit-

(7)

utional Convention recognized that banks and financiers required some assurance that their credit arrangements would not be abrogated by state legislatures. The drafters also realized that the country's economic growth depended in large measure on providing a stable environment for those who had money to invest or loan.[5] Therefore, as a means to help provide a stable economic environment, the draftsmen not only reserved in Congress the power to establish uniform bankruptcy laws,[6] but also adopted the contract clause to restrict the power of the states to annul or void valid credit arrangements.

(7)

Declaration Under Penalty of Perjury

I declare under penalty of perjury that the information in this complaint motion and affidavit is true and correct.

Executed on January 26th, 2023

PATRICIA LYNNE OSBURN
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20224018114
MY COMMISSION EXPIRES MAY 05, 2026

Patricia Lynne Osburn

Petitioner Original Signature.

(8)